UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                     Plaintiff,<br><br>       v.<br><br>MANGO LABS, LLC; BLOCKWORKS FOUNDATION; MANGO DAO,<br><br>                                     Defendants. | No. 1:24-cv-7334 |

**FINAL JUDGMENT AS TO DEFENDANT MANGO LABS, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Mango Labs, LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)] by, in the absence of any applicable exemption, making use of the mails and the means and instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, any security without being registered as a broker.

1

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $111,614 to the Securities and Exchange Commission pursuant to Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)].  Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mango Labs, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment,

2

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

(a) Destroy or otherwise make unavailable for trading, selling, offering, or purchasing any and all MNGO tokens in Defendant's possession or control within 10 days of the entry of the Final Judgment;

(b) Publish notice of the Final Judgment on the websites and social media channels for the crypto asset trading platform known as Mango Markets ("Mango Markets") in a form not unacceptable to the Commission staff, within 10 days of the entry of the Final Judgment;

(c) Issue written requests to remove MNGO tokens from any further trading on all crypto asset exchanges and trading platforms where Defendant is aware MNGO is trading and publish notice of such requests on Mango

        Markets' websites and social media channels, in a form not unacceptable to Commission staff within 30 days of entry of the Final Judgment;

(d) Refrain, directly or indirectly, from soliciting any trading platform to allow trading in MNGO and from offering or selling, directly or indirectly, MNGO, unless such offering is properly registered under applicable laws, including, but not limited to, the Securities Act of 1933, or unless otherwise being in compliance with federal securities laws;

(e) In the event that there is a merger, acquisition, disposition of assets (including the sale of any intellectual property and internet domain name associated with Mango Markets), name change, or other change in the corporate structure of Mango Labs, memorialize any such transaction in a written agreement that shall require the successor-in-interest to abide by the terms of these undertakings; and

(f) Certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Assistant Regional Director Amy Flaherty Hartman with a copy to the Office of Chief Counsel of the Enforcement Division, no later than 30 days from the date of the completion of the undertakings.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 1, 2024

                                            *Jennifer Rochon*
                                   UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MANGO LABS, LLC; BLOCKWORKS FOUNDATION; MANGO DAO,<br><br>Defendants. | No. 1:24-cv-7334 |

# CONSENT OF DEFENDANT MANGO LABS, LLC

1. Defendant Mango Labs, LLC ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)]; and

    (b) orders Defendant to pay a civil penalty in the amount of $111,614 under Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)].

1

3.     Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.     Defendant undertakes to:

(a)     Destroy or otherwise make unavailable for trading, selling, offering, or purchasing any and all MNGO tokens in Defendant's possession or control within 10 days of the entry of the Final Judgment;

(b)     Publish notice of the Final Judgment on websites and social media channels for the crypto asset trading platform known as Mango Markets ("Mango Markets") in a form not unacceptable to the Commission staff, within 10 days of the entry of the Final Judgment;

(c)     Issue written requests to remove MNGO tokens from any further trading on all crypto asset exchanges and trading platforms where Defendant is aware MNGO is trading and publish notice of such requests on Mango Markets' websites and social media channels, in a form not unacceptable to Commission staff within 30 days from the entry of the Final Judgment;

2

(d) Refrain, directly or indirectly, from soliciting any trading platform to allow trading in MNGO and from offering or selling, directly or indirectly, MNGO, unless such offering is properly registered under applicable laws, including, but not limited to, the Securities Act of 1933, or unless otherwise being in compliance with federal securities laws;

(e) In the event that there is a merger, acquisition, disposition of assets (including the sale of any intellectual property and internet domain name associated with Mango Markets), name change, or other change in the corporate structure of Mango Labs, memorialize any such transaction in a written agreement that shall require the successor-in-interest to abide by the terms of these undertakings; and

(f) Certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Assistant Regional Director Amy Flaherty Hartman with a copy to the Office of Chief Counsel of the Enforcement Division, no later than 30 days from the date of the completion of the undertakings.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

3

6.\tDefendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.\tDefendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.\tDefendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.\tDefendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.\tDefendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.\tConsistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment

5

and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated: __9/2/2024__                         Mango Labs, LLC

                                        By: _____
                                            Dafydd Durairaj


Commonwealth of Virginia, County of Prince William

On __2nd__ __September__, 2024, __Dafydd Durairaj__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.



 Electronic Notary Public

Notary Public
Commission expires: 04/30/2025

Approved as to form:    Notarized remotely online using communication technology via Proof.

Michael Burshteyn, Esq
Greenberg Traurig, LLP

Rafael Yakobi, Esq.
The Crypto Lawyers, PLLC

Attorneys for Defendant

7