# EXHIBIT 3

**Davis Wright Tremaine** LLP

Suite 500 East
1301 K Street NW
Washington, D.C.  20005-3317

**Elizabeth Davis**
202.973.1933 tel
202.973.4499 fax

ElizabethDavis@dwt.com

**FOIA CONFIDENTIAL TREATMENT REQUESTED**

November 1, 2024


<u>**VIA EMAIL**</u>

Amy Flaherty Hartman
Assistant Regional Director
Division of Enforcement
Securities and Exchange Commission
Chicago Regional Office
175 W. Jackson Boulevard, Suite 1450
Chicago Illinois 60604
hartmana@sec.gov

**Re:    *SEC v. Mango Labs, et al.*, Case No. 1:24-cv-07334 (S.D.N.Y.)
         Certification of Compliance on behalf of Mango DAO**

Dear Ms. Hartman:

On behalf of the representative of Mango DAO ("DAO Representative"), Mango DAO certifies that it has fully complied with the undertakings required of Mango DAO in accordance with the terms in Section III of the Final Judgment entered by the United States District Court for the Southern District of New York in *SEC v. Mango Labs, et al.*, on October 1, 2024, as set forth below.

Specifically, on October 11, 2024, the DAO passed the SEC Post-Acceptance Proposal posted by the DAO Representative, which can be found at:
https://dao.mango.markets/dao/MNGO/proposal/FdC5h3Nu9REyJEMoMdGXUbbMsk2mc4GY RSzafq4JmBzj.  This proposal authorized the DAO Representative to make all of the MNGO tokens in the DAO Treasury unavailable for trading, selling, offering, or purchase within ten (10) days of the entry of the Final Judgment.  To this end, the DAO Representative posted two separate proposals, which were passed by the DAO on or about October 10 and 11, 2024, to burn MNGO tokens in the Mango DAO Treasury.  These proposals were immediately completed upon the DAO's approval.  Those proposals can be found at:
https://dao.mango.markets/dao/MNGO/proposal/4V17bUqMM8tekYQkxB8VxhUHY7mWBFQ jiqSnR7TUtnrx; and
https://dao.mango.markets/dao/MNGO/proposal/BwkuGfMikAqz9NhfM6UJTZYJgkiRJJEsaYX

Certification to SEC
November 1, 2024
FOIA Confidential Treatment Requested


jFjZGTdTk.

The DAO Representative also made several proposals to the DAO to delist MNGO tokens from the Mango Markets platform. These proposals were passed and completed by the DAO on October 18, October 28, and November 1, 2024. The DAO delisting proposals can be found at: https://dao.mango.markets/dao/MNGO/proposal/evPdFSMeXCSxmAFQd1H9XKy4ykwhMcagy dAjiqPjfWi; https://dao.mango.markets/dao/MNGO/proposal/Ag5RidqBceyobWAu2zfoNPZqyVzHKjt2ngov omqaJ5KW/explore; and https://dao.mango.markets/dao/MNGO/proposal/EpS6K5rggihdhuNRWZmC5WNEfqKDxng3P JtS1Ybkj1ce.

Written requests to delist MNGO tokens from Kraken, Jupiter, Meteora, and Raydium were sent on October 16-17, 2024, copies of which are attached hereto as **Exhibit A**.

Finally, full payment of the civil penalty assessed against Mango DAO in the amount of $223,228 was made on behalf of Mango DAO via wire transfer to the SEC on October 15, 2024. A copy of the wire details is attached hereto as **Exhibit B**.

Please do not hesitate to contact me if you have any questions or concerns.



Sincerely,

DAVIS WRIGHT TREMAINE LLP


*s/Elizabeth L. Davis*
Elizabeth L. Davis


Encl. as stated

cc:    Kristin Pauley (pauleyk@sec.gov)
       Alyssa Qualls (quallsa@sec.gov)
       Office of Chief Counsel of the Enforcement Division

Certification to SEC
November 1, 2024
FOIA Confidential Treatment Requested

# EXHIBIT A



Suite 500 East
1301 K Street NW
Washington, D.C.  20005-3317

**Elizabeth Davis**
202.973.1933 tel
202.973.4499 fax

ElizabethDavis@dwt.com

October 16, 2024

**VIA EMAIL**

Marco Santori
Chief Legal Officer
Kraken Digital Asset Exchange
marco@kraken.com

**Re:**     *SEC v. Mango Labs, et al.*, **Case No. 1:24-cv-07334 (S.D.N.Y.)**
       **MNGO Token Removal Request**

Dear Mr. Santori:

On behalf of the representative of Mango DAO, this letter is to request that Kraken Digital Asset Exchange ("Kraken US") remove MNGO tokens from any further trading on Kraken US in accordance to the terms of the Final Judgment entered by the United States District Court for the Southern District of New York in *SEC v. Mango Labs, et al.*, on October 1, 2024, a copy of which is attached for your reference.

Please do not hesitate to contact me if you have any questions or concerns.

Sincerely,

DAVIS WRIGHT TREMAINE LLP

*s/Elizabeth L. Davis*
Elizabeth L. Davis

Encl. as stated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MANGO LABS, LLC; BLOCKWORKS
FOUNDATION; MANGO DAO,

Defendants.

No. 1:24-cv-7334

---

**FINAL JUDGMENT AS TO DEFENDANT MANGO DAO**

The Securities and Exchange Commission having filed a Complaint and Defendant
Mango DAO ("Defendant") having entered a general appearance; consented to the Court's
jurisdiction over Defendant and the subject matter of this action; consented to the entry of this
Final Judgment without admitting or denying the allegations of the Complaint (except as to
jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal
from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
is permanently restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act
of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and 77e(c)] by, directly or indirectly, in the
absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce

1

or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $223,228 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)].  Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Mango DAO as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all

collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders

issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30

days of the entry of this Final Judgment pursuant to 28 USC § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein, including, but not

limited to, the undertakings to:

(a)     Immediately cease all offers, sales, or resales of MNGO tokens on the crypto asset trading platform known as Mango Markets through the means or instrumentalities of interstate commerce as defined by Section 2(a)(7) of the Securities Act;

(b)     Destroy or otherwise make unavailable for trading, selling, offering, or purchasing any and all MNGO tokens currently in Defendant's possession or control within 10 days of the entry of the Final Judgment. Should Defendant acquire any MNGO tokens in the future, it shall destroy or otherwise make those MNGO tokens unavailable for trading, selling, offering or purchasing within 10 days of receipt.  Nothing in this provision shall prevent Defendant from conducting a partial or total dissolution or liquidation of its non-MNGO assets in the DAO Treasury through the acquisition of MNGO tokens from DAO members;

(c)     Issue written requests to remove MNGO tokens from any further trading on all crypto asset exchanges and trading platforms where Defendant is aware MNGO is trading within 30 days of the entry of the Final Judgment;

(d)     Refrain, directly or indirectly, from soliciting any trading platform to allow trading in MNGO and from offering or selling, directly or indirectly, MNGO, unless such offering is properly registered under applicable laws, including, but not limited to, the Securities Act, or unless otherwise being in compliance with federal securities laws; and

(e)   Certify, in writing, compliance with the undertakings set forth above.  The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence.  Defendant shall submit the certification and supporting material to Assistant Regional Director Amy Flaherty Hartman with a copy to the Office of Chief Counsel of the Enforcement Division, no later than 30 days from the date of the completion of the undertakings.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:   October 1       , 2024

_Jennifer Rochon_
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MANGO LABS, LLC; BLOCKWORKS
FOUNDATION; MANGO DAO,

Defendants.

No. 1:24-cv-7334

---

**CONSENT OF DEFENDANT MANGO DAO**

1.  Defendant Mango DAO ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)   permanently restrains and enjoins Defendant from violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), (c)]; and

    (b)   orders Defendant to pay a civil penalty in the amount of $223,228 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

1

3. Defendant agrees that it shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors. Defendant further

agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

4. Defendant undertakes to:

    (a) Immediately cease all offers, sales, or resales of MNGO tokens on the
crypto asset trading platform known as Mango Markets through the
means or instrumentalities of interstate commerce as defined by Section
2(a)(7) of the Securities Act;

    (b) Destroy or otherwise make unavailable for trading, selling, offering, or
purchasing any and all MNGO tokens currently in Defendant's possession
or control within 10 days of the entry of the Final Judgment. Should
Defendant acquire any MNGO tokens in the future, it shall destroy or
otherwise make those MNGO tokens unavailable for trading, selling,
offering or purchasing within 10 days of receipt. Nothing in this
provision shall prevent Defendant from conducting a partial or total
dissolution or liquidation of its non-MNGO assets in the DAO Treasury
through the acquisition of MNGO tokens from DAO members;

(c)     Issue written requests to remove MNGO tokens from any further trading on all crypto asset exchanges and trading platforms where Defendant is aware MNGO is trading within 30 days of the entry of the Final Judgment;

(d)     Refrain, directly or indirectly, from soliciting any trading platform to allow trading in MNGO and from offering or selling, directly or indirectly, MNGO, unless such offering is properly registered under applicable laws, including, but not limited to, the Securities Act, or unless otherwise being in compliance with federal securities laws: and

(e)     Certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Assistant Regional Director Amy Flaherty Hartman with a copy to the Office of Chief Counsel of the Enforcement Division, no later than 30 days from the date of the completion of the undertakings.

5.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

Docusign Envelope ID: 95EDED82-59C7-44E7-B32F-9AB148A295FF

7.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

4

other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

      12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal

proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

8/29/2024

Dated:_____

Mango DAO by:

*Adrian Brzezinski*
By: _____
    A80AEE24A5D74AD...
Adrian Brzezinski
CyberByte sp. z.o.o., Mango DAO Representative

8/29/2024

On _____, 2024, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

DocuSigned by:

*Tiphanie C. Hill*
F5854FCE1559452...
Notary Public
Commission expires: 10/13/2024

Approved as to form:

[signature]

Elizabeth Davis, Esq.
Davis Wright Tremaine LLP
Attorney for Defendant

TIPHANIE C. HILL
My Comm. Expires Oct. 13, 2024
PRINCE GEORGES COUNTY, MD

7

## MANGO DAO CERTIFICATE OF RESOLUTION

I, CyberByte sp. z.o.o., do hereby certify that it is authorized by Mango DAO to make the following representation, and that the following is a complete and accurate copy of a resolution adopted by Mango DAO by a vote concluded on August 22, 2024, at which a quorum was present and resolved to grant the following authority:

1. To give CyberByte sp. z.o.o., along with its agents, the authority to undertake all actions necessary to comply with the Consent of Mango DAO.

2. For the Mango DAO to comply with all relief ordered by any Final Judgment as to Defendant Mango DAO.

3. To authorize Elizabeth Davis, legal counsel to Mango DAO, to sign the final version of the Consent of Mango DAO on behalf of Mango DAO.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this _____ day of __8/29/2024____, 2024.

By: *Adrian Brzezinski*
A80AEE24A9D74AD...

Adrian Brzezinski
CyberByte sp. z.o.o.
Mango DAO Representative

8/29/2024

On _____, 2024, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

TIPHANIE C. HILL
My Comm. Expires Oct. 13, 2024
PRINCE GEORGES COUNTY, MD

*Tiphanie C. Hill*
F5854FCE15594E2...

Notary Public
Commission expires 10/13/2024

8

**Max | U.Today**

> Could you share more about which pro...

I see, atm we have been mostly organic

---

Unread messages

---

**Max | U.Today**                                          11:01

> **Rick "Will Not PM First"**
> I see, atm we have been mostly organic

OK. I see that Google hasn't shown any news about Raydium lately. We can offer one of our organic formats, which will not only display the news in Google, but also additionally provide for a news post in X and Telegram

The format implies the publication of your article or its writing by our editorial staff, its pinning on the homepage of the site, as well as in the sections "All News", "Companies" and "Latest News"                    11:04



**Rick "Will Not PM First"** admin                         11:09

> **Max | U.Today**
> OK. I see that Google hasn't shown any...

Noted, thanks we will let you know if we are interested



**Adrian** 🥭                                    ✓  11:16

Hello i dind't found any other contact channel to post this:





### general-adrian_777-19165

Rozpoczęty przez użytkownika **Tickets**
@wspomnij użytkowników, aby dodać ich do tego prywatnego wątku.

───────────────── 17 października 2024 ───────────────── **NOWE**

→ Użytkownik **Tickets** dodał do wątku użytkownika **Adrian_**. Dziś o 11:24

**Tickets** ✔APL. Dziś o 11:24

Your general support ticket has been created. You may include more details here.

Please be patient, we cannot promise an immediate reply due to ticket volume.
Our timezone is UTC +8, any tickets outside our timezone will take more time for
replies. Tickets will be closed after 48 hours of inactivity.

We'll do our best to assist you promptly.

**Wallet address**
5x2Ab8jhkRZ2qU145sEwER78usUdubTS6RvdGfsHQaNR
**What happened?**
Hi i didn't found any other contact channel to post this. On behalf of Mango DAO,
this is to request that Meteora remove MNGO tokens from any further trading on
Meteora in accordance with Mango DAO's settlement with the SEC:
https://app.realms.today/dao/

🔒 Close        🔒 Close With Reason

Certification to SEC
November 1, 2024
FOIA Confidential Treatment Requested

# EXHIBIT B

**Davis, Elizabeth**

| | |
|---|---|
| **From:** | cashproonlinereports bankofamerica.com <cashproonlinereports@bankofamerica.com> |
| **Sent:** | Tuesday, October 15, 2024 4:13 PM |
| **To:** | Davis, Elizabeth |
| **Subject:** | CashPro: Beneficiary Credit |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

[EXTERNAL]



# Activity Alert

## Incoming Transaction Notification

Please note that the following transaction has been credited to your account on 10/15/2024.

| | |
|---|---|
| Transaction Reference Number: | 24AFG0309J9T1I97 |
| Amount: | 223,228.00 USD |
| Payment Initiated: | 10/15/2024 |
| Expected Value Date: | 10/15/2024 |
| Beneficiary Name: | SECURITIES AND EXCHANGE COMMISSION |
| Beneficiary Account Number: | ▮▮▮▮▮ |
| Beneficiary Bank: | ▮▮▮▮▮ |
| Remitter Name: | Davis Wright Tremaine LLP |
| Senders Reference Number: | 20241015B6B7HU2R028532 |
| Additional Beneficiary Information: | SEC v. Mango DAO, et al., Case No 1:24-cv-7334 (SDNY) |

1

Notes:

Thank you for using CashPro. Visit CashPro for additional information.

This alert was generated at 03:13 PM CDT on 10/15/2024.

Do not reply to this email as this address is not monitored.

This message is solely for the intended recipient(s) and may contain privileged, confidential or proprietary information. If you are not an intended recipient, delete and destroy all copies, and any use of the information contained in this message is prohibited. This message is not an offer to sell any products or service or a banking or financial intermediation. It is not and should not be relied on by the recipient as a transaction confirmation or account statement. Sender shall not be liable for improper, incomplete or inaccurate information contained in this notification or any delay or failure in its receipt. If you have any questions, call the phone number on your account statement.

© 2024 Bank of America Corporation. All rights reserved.

CashPro is a registered trademark of Bank of America Corporation in the United States and other countries.

This message, and any attachment(s), is for the intended recipient(s) only, may contain information that is privileged, confidential and/or proprietary and subject to important terms and conditions available at http://www.bankofamerica.com/electronic-disclaimer. If you are not the intended recipient, please delete this message. For more information about how Bank of America protects your privacy, including specific rights that may apply, please visit the following pages: https://business.bofa.com/en-us/content/global-privacy-notices.html (which includes global privacy notices) and https://www.bankofamerica.com/security-center/privacy-overview/ (which includes US State specific privacy notices such as the http://www.bankofamerica.com/ccpa-notice).